J-S25028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL TODD TORAN, JR. | |
| Appellant | No. 1295 WDA 2015 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000644-2015

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.: **FILED APRIL 15, 2016**

Appellant, Michael Todd Toran, Jr., appeals from the July 29, 2015 aggregate judgment of sentence of 5 to 10 years' incarceration, imposed by the trial court after Appellant was convicted of possession of a firearm with manufacturer number altered, firearms not to be carried without a license, and possession of a firearm prohibited.[1] With this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S.A. §§ 6110.2(a), 6106(a), and 6105(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

The record reveals that around 8:30 p.m. on October 9, 2013, Erie City Police approached Appellant to effectuate an arrest warrant. N.T., 7/13/15, at 10, 15, 17. Corporal Ryan Onderko testified that when he approached Appellant, he "immediately took off running." *Id.* at 13. Corporal Onderko was pursuing Appellant on foot when he noticed "two items" fall from Appellant; "one was a metallic, heavy object, the other one was a camouflage bandana." *Id.* at 16. Corporal Onderko said that the metallic object "appeared to be a gun, but at the time I was not sure." *Id.* Appellant kept running, but was eventually taken into custody. *Id.* Thereafter, the police recovered a revolver and the camouflage bandana from where Corporal Onderko saw them fall. *Id.* Corporal Onderko sent a request to the Pennsylvania State Police to see if Appellant was eligible to have a license to carry a firearm. *Id.* at 22. The Pennsylvania State Police returned official notification stating that Appellant did "not have a license to carry." *Id.* at 22-23; Commonwealth Exhibit 9.

City of Erie Police Detective Dennis Oborski testified that on October 9, 2013, around 10:30 p.m., he arrived at the scene of Appellant's arrest. *Id.* at 28-29. Detective Oborski took possession of the revolver and "tagged it into evidence." *Id.* at 29-30. Detective Oborski testified that police "could not locate a serial number, it was scratched off or what we call obliterated." *Id.* at 30.

Pennsylvania State Police Sergeant Antonio Ferraro testified to being a forensic firearm examiner and was qualified as an expert in this field. *Id.* at 32-34. Sergeant Ferraro was able to restore the original manufacturer's serial number from the revolver. *Id.* at 37. In addition, he was able to determine that the "firearm was functional and capable of discharging the type of ammunition for which it was manufactured." *Id.* at 39.

Appellant testified that on the evening of October 9, 2013, he "took off running" because he "didn't know it was the police that were chasing me. I thought it was the same guys [who had been chasing me] earlier." *Id.* at 47-48. Appellant testified that the revolver recovered by the police "didn't fall off my person" and he had "no idea" where it came from. *Id.* at 49. Appellant specifically testified, "[n]o, I wasn't carrying that gun." *Id.* at 57.

Appellant was charged with the aforementioned firearm crimes.[3] Prior to trial, on July 10, 2015, Appellant filed a motion *in limine* seeking to sever the charge of persons not to possess a firearm, asserting, *inter alia*, that the charge required "evidence that [Appellant] was previously convicted of a crime." Motion *in Limine*, 7/10/15, at 1. On July 13, 2015, the trial court entered an order severing the persons not to possess a firearm charge and specified that the charge would be tried by the trial court.

_____

[3] Appellant was also charged with flight to avoid apprehension, 18 Pa.C.S.A. § 5126(a), but after a hung jury and mistrial, the trial court granted the Commonwealth's motion to *nolle prosse* the charge on August 7, 2015.

The case proceeded to trial on July 13, 2015. The jury found Appellant guilty of possession of a firearm with an altered manufacturer's number and firearms not to be carried without a license. The trial court found Appellant guilty of persons not to possess a firearm. On July 29, 2015, the trial court sentenced Appellant to 5 to 10 years' incarceration.[4] Appellant did not file a post-sentence motion. On August 21, 2015, Appellant filed his timely notice of appeal. The record is devoid of any filings, by either the trial court or Appellant's counsel, relative to Pennsylvania Rule of Appellate Procedure 1925. However, on September 1, 2015, the trial court filed a two-sentence memorandum opinion stating, "In light of counsel's Statement of Intent to File an *Anders/McClendon* Brief in response to the Court's Order to file a 1925(b) Statement, the Court has nothing of specificity to address pursuant to [Appellant's] appeal. The Court, therefore, stands by the record set forth." Trial Court Opinion, 9/1/15.

On September 29, 2015, Counsel sent Appellant a copy of the *Anders* brief, along with a letter informing Appellant that she found no non-frivolous issues to support his appeal, and advising him of his right to retain new counsel to pursue the appeal, or to proceed *pro se* on appeal and raise any

_____

[4] Specifically, the trial court sentenced Appellant to concurrent terms in the standard range of 5–10 years' incarceration for possession of a firearm with manufacturer number altered, 2½-5 years' incarceration for firearms not to be carried without a license, and 5–10 years' incarceration for persons not to possess a firearm.

points that Appellant deemed worthy of the court's attention in addition to the points raised by Counsel in the **Anders** brief. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

On December 16, 2015, Counsel filed her **Anders** brief and application to withdraw as counsel with this Court, in which she presented the following issue for our review.[5]

> Whether the trial court abused its discretion in allowing the jury to hear evidence of [Appellant's] prior convictions relating to the persons not to possess firearms charge as it unreasonably prejudiced the jury[?]

**Anders** Brief at 4.[6]

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an **Anders** brief shall comply with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the

_____

[5] Appellant did not file a reply.

[6] By letter dated January 13, 2016 and docketed January 14, 2016, the Commonwealth advised this Court that it would not file a responsive brief.

> record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

Pursuant to **Millisock** and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel."

- 6 -

*Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded that she had "found no meritorious issues that I can raise on Appellant's behalf." *Anders* Brief at 7. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letter from Counsel to Appellant, dated 9/29/15. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Appellant maintains that the trial court abused its discretion "in permitting the jury to hear testimony relating to the Persons Not to Possess Firearms charge." *Anders* Brief at 5. Even though the charge was severed and tried by the trial court, Appellant asserts that permitting the testimony "unreasonably prejudiced" the jury. *Id.*

We initially note that Appellant addressed this issue in his motion *in limine*, where he sought severance of the persons not to possess a firearm charge and averred, "[i]t is axiomatic that the Persons Not to Possess charge requires evidence that [Appellant] was previously convicted of a crime. The other charges do not require evidence of a prior conviction." Motion *in*

*Limine*, 7/10/15, at 1. The trial court granted Appellant's request for severance.

> The Crimes Code defines persons not to possess a firearm as follows.
>
>> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. C.S.A. § 6105.

In our review of the transcript from the jury trial, in its entirety, we find no testimony "relating to the persons not to possess firearms charge." Officer Onderko testified that Appellant did not have a license to carry a firearm, which was one of the charges before the jury. N.T., 7/13/15, at 22-23. Officer Onderko also testified that he was looking for Appellant because there was a warrant for Appellant's arrest. *Id.* at 10, 17. Appellant testified that he thought he was being chased not by the police, but by others who were after him because he owed them money for drugs. *Id.* at 53-55. And in his closing argument, the Prosecutor stated that Appellant was "wanted by the police" who were "go[ing] to arrest him." *Id.* at 65. The above statements imply criminal activity by Appellant, but the record is devoid of any reference to a criminal conviction.

Based on the foregoing, we agree with counsel that Appellant's evidentiary issue lacks merit. Furthermore, we have reviewed the certified

record consistent with **Flowers** and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and affirm the July 29, 2015 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016